Case number 310725, Peterborough, Spokane, English Okay, would the lawyers who have been arguing the case please introduce yourself to the court? Is it okay if we take it off now? Yes. Mary, I'm sorry, on behalf of the State Coalition. As of today, it's turning in and out of the people. Okay, as to the appellant, do you want to reserve some time for rebuttal? Yes, just three minutes. Okay, let's proceed. Good morning, Your Honors. May it please the Court? Again, my name is Miriam Sirkia. I'm here on behalf of Mr. English. The ultimate issue in this case is whether Mr. English stated cause and prejudice on his claim that his sentence violates the proportionate penalties clause. But before I get to that, I'd like to address two issues that the State has raised, if that works for you. First, whether this Court actually has jurisdiction. And second, whether Mr. English has stated the claim in his petition. So to begin with, this Court has jurisdiction. The State's argument is that there's no jurisdiction because the judge dismissed the case without prejudice. But the problem with that is that the Post-Conviction Hearing Act really just allows for two dispositions in this kind of situation, either deny or allow leave to file. So the judge's actions were outside of the Post-Conviction Hearing Act. The operative result here is that the petition was dismissed, that there's a valid notice of appeal, which gives this Court jurisdiction. Well, you don't have a case, they don't have a case, but my suggestion would be to go on how is the proportionate penalties clause first raised on appeal in a case not forfeited under Dorsey? Under Dorsey, you want to go to that? Yeah. I am prepared to argue that as well. So I believe that, you know, you just mentioned Dorsey. This claim comes down to an interpretation of Dorsey, because before Dorsey was decided, just about everybody agreed, and the State usually conceded, that there was cause to bring a claim at this stage. So the question is, does Dorsey change that in any way? It does not, because Dorsey does not apply to juveniles. The reasoning in Dorsey was that so first of all, the petitioner himself in Dorsey was a juvenile, and Dorsey's rationale was that juveniles have always been treated differently in Illinois, and therefore could have always brought a claim under the proportionate penalties clause. Well, emerging adults could not have done that. In fact, the case that we always look to, Leon Miller, specifically made a distinction between juveniles and adults. And for all intents and purposes, legally, my client was an adult. Okay. What about the idea that your client never fled a proportionate penalties argument in his successive post-conviction petition? How can you, as an attorney, raise that on appeal? And I'm going to just throw out two different cases called People v. Jones, issued by our Illinois Supreme Court, that says that you cannot raise a claim that was not raised in the PC or any successive PC, but you have done that here. How do you tell us that we can overrule the Illinois Supreme Court that says petitioners cannot raise new claims for the first time on appeal? So let's forget about Dorsey. Okay. What I would say is that he did raise that claim, but he did not cite to the Illinois Constitution. But, frankly, my client has a ninth-grade education. I suspect he does not know the difference between the State and the U.S. Constitution. I suspect, and under the Act, he does not have to cite any law. He just has to make a claim. So his claim is he said his sentence was disproportionate, and he then cited all the law that applies to, he said my sentence is disproportionate because I should be treated like a young adult, which is exactly what the Court said in-house. Those are the words that were mentioned in-house, in Harris. So your argument is it was the gist of it was there. Yes. All right. The gist of it was there. It was contained in the petition sufficiently. It's not whether he stated it clearly. It's whether he stated it sufficiently. And without – if we take out the legal citations, we frankly shouldn't be there. This wasn't an original. This is the success of your argument. This is the – sure. The gist is not the implicable friction. Right. But even for – even under the slightly stricter standard, this was in the petition. And I just – I wanted to say that the State cites Dorsey because in Dorsey, they found that the claim was forfeited. But from my reading of Dorsey is that the parties actually agreed that the claim was not in the original petition. And the language that the State cites from Dorsey is the language admonishing appellate counsel for not raising the counsel, the claim in the appellate court. What was the language of the Dorsey court when they said that our courts have traditionally considered youth? Do you recall – did they ever use the word juvenile? I mean, I'm just – Do you recall that they cited an 1890-something case? Sure. And in that particular case, actually at that time, 21-year-olds were considered juveniles. I can certainly believe that, but we all know that that was not the case in the 80s and the 90s, certainly not in 2001 when my client filed his first petition. If anything, there was more of a drive to, like, have harsher penalties for anybody, for young adults. Right. It was a national sort of threat. Yes. But isn't it true, though, then, that Illinois recognized even back then that we treated individuals all the way up to age 21 differently than those beyond that age? I think that the – It was a People v. LaPointe case, I believe, that they referred back to from 1890-something. Oh, yeah. I know what you mean. And that may be true, but I would say for the time that my client filed his petition, he did not have his first petition in 2001. He would not have been able to find a lawyer, frankly, who would get behind that claim that he could somehow bring a claim as a quasi-juvenile under the proportionate penalties clause. So if Dorsey holds that for juveniles, sure, but that is simply for young adults, I would say, until Thompson came out, until House came out, until Harris was decided, that is when petitions started actually being granted. And I think even empirically speaking, that is when we saw these changes. Okay, you want to reserve some time for rebuttal? I will reserve some time for rebuttal if you have no further questions for now. Thank you. Okay, let's hear from the speaker. I think Justice McBride and I like him next. May it please the Court. Assistant State's Attorney Amy McGowan for the People. This Court has a duty to ensure jurisdiction. In this case, it has none. Before the lower court, petitioner raised an Eighth Amendment claim. Recognizing that 20-year-old petitioner was outside Miller, it denied the claim, but aware of pending litigation, it did so without prejudice, and invited petitioner to refile and gave him a new starting point, People v. House. Post-conviction proceedings are civil in nature, and in fact, Section 5 gives courts the discretion to make orders as generally provided in civil cases. It is generally provided in civil cases that dismissals without prejudice are not final and appealable. What case holds that? Pardon me? This is something without prejudice that's still pending. There's a number of cases that I cited in my brief. I couldn't find any. And in fact, Berry, it was. I mean, if it's dismissed, it's dismissed. Correct. With prejudice, without prejudice, what's the difference? It's still dismissed. There's nothing pending at that point in time. Correct. And the Court in Berry discussed the same issue. That was dismissal of a petition civil in nature. It was a 214-01 petition filed by a criminal defendant. Yeah, but this is not a 214-01. That's a whole different world. It is. I understand that. And as Your Honor stated earlier, there aren't any cases directly on point. So let's go on to the issue of the case. Sure. I would first argue that this claim was not raised before the lower court. Petitioners must expressly signal the claim they are raising. And here, Petitioner was clear he was raising an Eighth Amendment claim. The Proportionate Penalties Clause does not appear in his petition. The Illinois Constitution does not appear in his petition, nor do any cases extending Miller's availability to young adults. His sole challenge failed as a matter of law. His sole challenge was sentenced. There were other claims raised. On page 20, Petitioner claims that because he referred to disproportionate sentencing, he was raising a Proportionate Penalties Clause. This is not true. The word proportionate also comes up in an Eighth Amendment context normally. In fact, in Miller, the word proportionate is in the opinion nine times. In Graham 27 and in Roper 36, not one of those cases invokes a Proportionate Penalties Clause of the Illinois Constitution, and neither did Petitioner. When he claimed his Eighth Amendment protection against disproportionate sentences was violated. The Petitioner is asking this court to accept that because he was 20 years old and outside Miller, he must have been raising an Eighth Apportionate Penalties Claim. That's more than a liberal construction. That's allowing him to raise a separate and distinct claim on appeal. A petitioner has some duty to apprise the court of the claim he is raising, and he didn't do that here. He raised an Eighth Amendment claim. He was outside Miller, and the claim was denied. As in Dorsey, in that case, there was a one-sentence reference to the Proportionate Penalties Clause, and the Supreme Court found that insufficient. Here, it's not even referenced. He just used the word disproportionate to describe his sentence, when that is, like I said, commonly referred to in an Eighth Amendment context. But getting past jurisdictional hurdles and to the merits of this case, Petitioner, it's his burden to establish cause and prejudice to file a successive petition. Here, he did not even attempt to plead cause to the lower court, but on appeal contends that Miller and its progeny, if cases applying its reasoning to the Proportionate Penalties Clause, satisfies cause. This explicit argument was rejected in Dorsey, but our Supreme Court said Miller and his progeny do not satisfy cause for the failure to raise the Proportionate Penalties Claim. Petitioner relies on cases that were either decided pre-Dorsey or don't even discuss Dorsey, but rather accepted concessions from the state. The fact is, every case that has come after Dorsey and has cited to it has followed it. In my brief, I cited to Haines, Howard, Ruddock, Wickers. I filed a motion to cite additional authority with Hemphill, Figueroa. All of those cases found Dorsey dispositive in foreclosing Petitioner's arguments. An age is a distinction without a difference. In Dorsey, the court held that Miller's announcement of a new rule for Eighth Amendment purposes does not provide cause for a defendant, not a juvenile, a defendant, to raise a Proportionate Penalties Claim. Of the eight or so recent cases addressing Dorsey foreclosing cause, only two of them have involved juveniles. The argument that whether it's a juvenile or a young adult makes a difference, that Miller allows cause for young adults but not for juveniles, that argument, has no basis in law. The Supreme Court has spoken, and Miller and his progeny do not satisfy cause for a Proportionate Penalties Claim. And without cause, the petition fails. Petitioner likewise failed to plead prejudice to the lower court or satisfy it in this court. On page 1920 of his brief, Petitioner contends that Miller principles should be applied to him because he was only 20 years old at the time of the offense, was suffering from bipolar disorder, and because of immaturity was less likely to consider future consequences of his actions, particularly in a manic state. This is green to a T. Petitioner does not provide anything more than generic allegations and classes he completed in jail to show that at 20 years old, he was functionally a juvenile. Then this is insufficient. This is not enough where the defendant, unprovoked, approached a 15-year-old, shot him in the back as he ran away, and when he fell, stood over the boy and shot him in his face. These actions, the allegedly rehabilitated Petitioner calls, quote, minimal force and, quote, not harsh. The Petitioner does not argue how his age impacted his actions. There's no allegations of peer pressure, no impulsivity. In fact, this was planned, and the record shows that Petitioner even attempted to solicit someone else to do it first. This was not his first murder. He already had a conviction, and it was not his last. He was the prime suspect and the third. The moral sense of the community was not shocked when he received a life sentence. We're not dealing with an accomplice or a lookout here. This Petitioner is not like the defendant in Minifield, who had no violent criminal history, no gang affiliation, stable family, work. He is like green, a seasoned criminal who made repeated decisions to violate the law, even after he picked up a new case while awaiting trial in this one. He was the principal offender and committed a cold, calculated, cruel murder. In closing, Petitioner did not allege facts sufficient to demonstrate prejudice and cannot demonstrate cause. For the reasons argued today and those in our brief, we would ask that you dismiss the appeal or affirm the lower court's denial of leave to file. Any questions on any of those? Okay. Thank you very much. Thank you. Just very briefly, I think that the fact that counsel discussed any case law in discussing whether the claim was contained in the petition shows that this is a legal event    It's a legal event. It's not a factual evaluation. And that gets me to the factual evaluation. Did he plead prejudice? And, again, we are talking about a preliminary screening of cases. He has alleged that he has a sense of life without parole. He was sentenced as a 20-year-old. He – because this was originally a death penalty case, there was no discussion, there was not even a presentation of anything in mitigation. There was no discussion of his age. And, frankly, the defense attorney's argument was that he should receive a life without parole sentence because that would be – that would deny him the notoriety of a death sentence. So there has been absolutely zero evidence presented to any court about what youth and brain development did for this client. It's simply not been looked at. If you have any further questions. Then I'll submit the case for your decision. Thank you. Thank you very much. Thank you very much. Both arguments were very good. And we will have a decision for you shortly. We'll take the case under consideration and the court is adjourned. Thank you.